UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY PATRICK McKEE,

                                         Plaintiff,

                                                                5:16-CV-00091

v.

                                                                (DNH/TWD)

ASPEN DENTAL MANAGEMENT, INC.,

                                         Defendant.
_____

APPEARANCES:

GARY PATRICK McKEE
Plaintiff, pro se
920 Breezy Acres Road
Pensacola, Florida 32534

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review the *pro se* complaint of Plaintiff Gary Patrick McKee in this action for fraud and misrepresentation and dental malpractice against Defendant Aspen Dental Management, Inc. ("Aspen Dental") (Dkt. No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 2.)

### I.    IFP APPLICATION

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP application (Dkt. No. 2) is granted.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT

Plaintiff has alleged that between 2012 and 2015, he had dental implants done at the Pensacola, Florida Aspen Dental office opened by Defendant out of its Syracuse, New York offices in or about 2012. (Dkt. No. 1 at ¶ 6.) Dr. Holden and Mark Cable ("Cable") were hired by Defendant to work in the Pensacola office. *Id*. Cable, who introduced himself to Plaintiff as

3

the new head of the implant division at the Pensacola office was a convicted felon, having been arrested in the State of Florida for impersonating a dentist.  *Id*.  According to Plaintiff, Cable was also a drug addict.  *Id*.  Cable did dental implants in Plaintiff's mouth in the office owned by Defendant, and due to his incompetence, Plaintiff will be required to go through intensive dental reconstruction.  *Id*. at ¶¶ 6-8.  When Defendant learned that Cable was a fake and a fraud, a representative of the company flew to Florida to cover up the corruption.  *Id*. at ¶ 7.

IV.   ANALYSIS

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332).  *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002).  Federal question jurisdiction exists where the "complaint established either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg, Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).

Although Plaintiff has alleged what construed most generously are state law claims for fraud, misrepresentation, and dental malpractice against Defendant, he has utilized a form complaint for a civil rights action brought under 42 U.S.C. § 1983.  (Dkt. No. 1 at ¶ 1.)  The form complaint alleges the existence of federal question jurisdiction under 28 U.S.C. § 1331, which is not present for his state law claims.  *Id*.

Liberally construing the complaint, the Court finds that Plaintiff may be able to assert diversity jurisdiction.  Plaintiff has alleged that he resides in Pensacola, Florida, and that

Defendant Aspen Dental is located in East Syracuse, New York.[1] (Dkt. No. 1 at ¶¶ 2-3.) Plaintiff has alleged that thousands of dollars will be needed to repair the damage done by the dentist imposter hired by Defendant, not including the medical complications and personal hurt to him, and that he will have to go through intensive dental reconstruction. *Id*. at ¶¶ 6, 8. In his prayer for relief, Plaintiff has asked that he be awarded $25,000,000 to punish Defendant. *Id*. at ¶ 8. However, Plaintiff has not included a specific monetary claim for the actual damages alleged to have been caused by Defendant in either the body of his complaint or prayer for relief. Nor has Plaintiff alleged facts showing a reasonable probability that his claim against Defendant is in excess of $75,000.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to be a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). The amount in controversy is determined at the time action is commenced. *Id*.

It is well settled that "the sum claimed by the plaintiff controls [in determining the if the amount in controversy requirement is satisfied] if the claim is apparently made in good faith," and "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-

---

[1] The Court takes judicial notice that Defendant Aspen Dental is a foreign business corporation licensed to do business in the State of New York, with its principal offices located at 281 Sanders Creek Parkway, East Syracuse, New York. *See* https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid 2401338&p_corpid (last visited on January 28, 2016).

89 (1938). Plaintiff has not alleged that he has sustained damages in excess of $75,000, only that he will need thousands of dollars for repairs, and that he should be awarded $25,000,000 to punish Defendant. Furthermore, the Court is not reasonably satisfied from the sparse allegations in the complaint regarding the extent of the dental work performed on Plaintiff, the defects in the work, and the repairs required to be done that it is reasonably probable that he can recover more than $75,000.

The Second Circuit has cautioned that before determining that the amount in controversy requirement has not been met, courts must afford the plaintiff an "appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible." *Chase Manhattan*, 93 F.3d at 1070 (citation and internal quotation marks omitted). Therefore, the Court recommends that Plaintiff be granted thirty days to file an amended complaint that includes what he believes in good faith to be the amount of his claim for purposes of determining the presence of diversity jurisdiction.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff be granted leave to file an amended complaint that includes what he believes in good faith to be the amount of his claim for purposes of determining the presence of diversity jurisdiction within thirty days of the filing of the District Court's Order on this Court's Report-Recommendation; and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL</u>**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   January 29, 2016
        Syracuse, New York

*/s/ Thérèse Wiley Dancks*
Thérèse Wiley Dancks
United States Magistrate Judge