UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY PATRICK McKEE,

                Plaintiff,

  -v-                                          5:16-CV-91
                                                (DNH/TWD)

ASPEN DENTAL MANAGEMENT, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

Gary Patrick McKee
*Plaintiff, Pro Se*
920 Breezy Acres Road
Pensacola, FL 32534

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

      Pro se plaintiff Gary Patrick McKee initially and mistakenly brought this civil action pursuant to 42 U.S.C. § 1983 against defendant Aspen Dental Management, Inc, alleging fraud, misrepresentation and dental malpractice. On January 29, 2016, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, advised by Report-Recommendation that plaintiff be granted in forma pauperis ("IFP") status and be granted leave to amend his complaint. See ECF No. 4. In granting plaintiff IFP status, Judge Dancks thoroughly evaluated plaintiff's complaint and in so doing noted that plaintiff had run afoul of federal subject matter jurisdiction. Specifically, as plaintiff's complaint sounded in state tort law, a federal question had not been raised. See 28 U.S.C. § 1331. And plaintiff had failed

to meet the requirements of diversity jurisdiction. See 28 U.S.C. § 1332. While Judge Dancks noted that plaintiff was a citizen of Florida and took judicial notice of defendant's status as a New York corporation, plaintiff failed to plead an amount in controversy that exceeded $75,000. Thus, in granting plaintiff's application for IFP status, Judge Dancks recommended that plaintiff be afforded thirty days to file an amended complaint that included a good faith claim to damages for the purposes of determining whether diversity jurisdiction exists in this case.

Plaintiff complied with the Report-Recommendation and filed an amended complaint within the prescribed thirty days. The court has reviewed the pleading to determine whether diversity jurisdiction is present.[1] It is well settled that the "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). "However, the burden on plaintiffs is light, because there exists a 'rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" Bernshteyn v. Feldman, 2006 U.S. Dist. LEXIS 62689, at *5-6 (S.D.N.Y. Aug. 29, 2006) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999); see also Scherer v. The Equitable Life Assurance Society, 347 F.3d 394, 397 (2d Cir. 2003)). Plaintiff has met this threshold by alleging damages, that when taken together, exceed the requirement for diversity jurisdiction. Plaintiff alleges that (1) he paid $20,000 out-of-pocket for the offending dental implants; (2) he can show that the market value for these implants is

---

[1] The amended complaint is the operative complaint for this determination. See Carling v. Peters, 2013 U.S. Dist. LEXIS 32808, at *10-14 (S.D.N.Y. Mar. 8, 2013).

- 2 -

$60,000 to $85,000; (3) his lost income, past and future, amounts to $3,000,000; (4) his emotional distress and harm to his reputation amounts to $3,000,000; and (4) punitive damages, in a sum no less than $25,000,000, ought to be awarded for defendant's wanton and malicious acts. ECF No. 6, at 5. Taking the sum of these figures – and considering them in light of the dreadful facts alleged in the complaint – it appears that plaintiff is making a good faith representation of the amount in controversy and meets the jurisdictional requirement. See Bernshteyn, 2006 U.S. Dist. LEXIS 62689; A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991) (where punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied).

Should defendant choose to challenge plaintiff's pleading, it "must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold.'" Scherer, 347 F.3d at 397 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). However, at this juncture, plaintiff has met the requirements for diversity jurisdiction and the complaint will not be dismissed.

Thus, based upon a de novo review of the Report-Recommendation, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is ORDERED that:

1. Plaintiff's IFP application (ECF No. 2) is **GRANTED;**

2. The Clerk issue a summons and forward it, along with a copy of the complaint and packet containing General Order 25, which sets forth the Civil Case Management Plan

used by the Northern District of New York, to the United States Marshal for service upon Defendant;

3. A formal response to Plaintiff's complaint be filed by Defendant as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant;

4. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, Federal Building, 10 Broad St., Utica, New York 13501. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and

5. The Clerk serve a copy of this Order and General Order 25 on Plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 24, 2016
Utica, New York